UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DANETTE G., | | |
| Plaintiff, | Case No. 23-6056-MLP | |
| v. | ORDER | |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| Defendant. | | |

## I.      INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits.[1] Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating her testimony and medical opinion evidence. (Dkt. # 8.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.      BACKGROUND

Plaintiff was born in 1970, has a high school education, and last worked as an office assistant. AR at 151, 1015. Plaintiff has not engaged in substantial gainful activity since the alleged onset date of April 2016. *Id.* at 1005.

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

1      In June 2018, Plaintiff applied for benefits, alleging disability as of April 2016. AR at

2   1002. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested

3   a hearing. *Id.* at 160-61. After ALJ Rebecca Jones conducted hearings in October 2019 and

4   August 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-28, 35-125. As

5   the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the final decision of

6   the Commissioner to this Court. *Id.* at 1147. In turn, this Court remanded the matter for further

7   administrative proceedings. *Id.* at 1150. On remand, after ALJ Glenn Meyers conducted a

8   hearing in March 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 999.

9      Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part,

10  Plaintiff has the severe impairments of atypical face pain attributable to various diagnoses,

11  migraine headaches, and anxiety disorder. AR at 1005. In turn, the ALJ determined that she was

12  capable of performing light work with the following exceptions: she is capable of understanding,

13  remembering, and executing simple instructions and tasks; can make simple work-related

14  decisions; cannot engage in work that requires a specific production rate or hourly quotas; can

15  have superficial incidental contact with the public; can frequently interact with coworkers and

16  supervisors; can occasionally stoop, crouch, and climb ramps and stairs; cannot crawl, kneel, or

17  climb ropes, ladders, or scaffolds; must avoid moderate exposure to extreme cold, vibration,

18  dust, gases, odors, fumes, and smoke; cannot work at heights or near hazardous conditions; and

19  cannot walk across uneven surfaces. *Id.* at 1008.

20     Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

21  //

22  //

23

---

[2] 20 C.F.R. § 404.1520.

ORDER - 2

1

### III.   LEGAL STANDARDS

2        Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

3   security benefits when the ALJ's findings are based on legal error or not supported by substantial

4   evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

5   general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

6   ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

7   (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

8   alters the outcome of the case." *Id*.

9        "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

10  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

11  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

12  Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

13  testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

14  1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

15  neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

16  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

17  rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

18

### IV.   DISCUSSION

19       Plaintiff argues the ALJ erred by misevaluating the medical opinion of Dr. Jones and

20  failing to consider Plaintiff's testimony about the limiting effect of her pain. The Commissioner

21  argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and

22  should be affirmed.

23  //

ORDER - 3

### A.     The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Plaintiff testified that she suffered from severe and constant facial pain, headaches, and anxiety. *See*, *e.g.*, AR at 39-87, 302-10, 338-48, 374, 379, 383, 385, 1028-1073, 1076-1117, 1434-37. She alleged difficulties with activities such as lifting, reaching, climbing, completing tasks, remembering things, concentrating, understanding, following instructions, and using her hands. *Id.* She opined being unable to think, speak, or answer questions, and testified that her pain frequently prevents her from completing household chores. *Id.* The ALJ summarized Plaintiff's allegations and discounted them, citing inconsistencies with her testimony and the medical evidence, as well as her activities. *Id.* at 1008-11.

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which parts of the testimony are not credible and explain what evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). However, the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff argues that the ALJ erred by relying on normalized objective findings to dismiss her allegations of pain and fatigue. (Dkt. # 8 at 6.) She notes that unremarkable exam results are not inherently inconsistent with her allegations of fluctuating symptoms. (*Id.*) Despite Plaintiff's suggestion that the ALJ failed to consider the longitudinal record, the record reflects that the ALJ found the overall objective medical evidence inconsistent with the severe limitations Plaintiff described. AR at 1008-11. An ALJ may reject testimony where it is inconsistent with objective

medical evidence. *Smartt*, 53 F.4th at 498. Contrary to Plaintiff's testimony of debilitating and easily aggravated facial pain, the ALJ noted that treatment notes consistently observed her with normal and symmetric facial sensation, normal facial muscles and movement, no facial droop, and no facial nerve weakness (*id.* at 543, 556, 571, 576, 589, 1442); normal gait, strength, and coordination (*id.* at 509, 543, 562, 592, 716); and unremarkable mental status findings. *Id.* at 489, 529, 547, 605, 621, 631, 633, 636, 1442, 1565, 1572-73. The ALJ's characterization of the record evidence is reasonable and Plaintiff has not specifically shown error in the ALJ's reasoning.

The Court thus cannot say the ALJ unreasonably selected only certain parts of the medical record that showed non-disability and disregarded other parts that showed disability. Instead, the ALJ weighed all of the evidence and found it did not support a disability finding. The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Magallanes*, 881 F.2d at 751. Moreover, the Ninth Circuit has repeatedly affirmed that when objective medical evidence in the record is inconsistent with Plaintiff's testimony, the ALJ may weigh it as undercutting such testimony. *See, e.g.*, *Chaudhry v. Astrue*, 688 F.3d 661, 672-73 (9th Cir. 2012) (affirming determination that interpreted and preferred objective medical evidence to subjective testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (affirming discounting of subjective claims of disabling pain based on objective medical evidence and daily activities); *Thomas*, 278 F.3d at 959 (same); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (affirming rejection of allegations of disabling pain based on normal physical examinations).

Plaintiff also argues that the activities cited by the ALJ are neither legitimate proxies for her ability to work nor inconsistent with her testimony. (Dkt. # 8 at 6-7.) The ALJ observed that

1    Plaintiff drove more than an hour several times a week to ride her horse and take horseback

2    riding lessons, where she interacted with her trainer and other people. AR at 1011 (citing *id.* at

3    1085-92). The ALJ also noted that Plaintiff flew to Philadelphia to attend a family funeral and

4    reported that she did not have difficulty around others at the airport, during the flight, or on the

5    trip in general. *Id.* (citing *id.* at 1087-89). Furthermore, the ALJ found that Plaintiff's ability to

6    work after the alleged onset date inconsistent with her testimony. *Id.* at 1011. An ALJ may

7    consider evidence of employment during symptomatic periods in assessing Plaintiff's testimony.

8    *Ahearn*, 988 F.3d at 1117. Plaintiff testified that she worked one or two times a month at a

9    veterinary office front desk, where she worked the cash register, made appointments, and

10    handled administrative matters. *Id.* at 1089-90. The ALJ reasonably found these activities

11    undermined Plaintiff's complaints of disabling pain. *Id.* at 1011.

12        Plaintiff asserts that the ALJ erroneously focused on occasional or one-time activities,

13    without accounting for the limited manner in which she performed them. (Dkt. # 8 at 7.) This

14    misstates the ALJ's reasoning. The ALJ explicitly found that although these examples were more

15    flexible than engaging in work activities, they undermined her testimony about disabling facial

16    pain and aggravating factors. AR at 1008-11. An ALJ may use clear and convincing evidence,

17    including inconsistencies in the medical record and in statements about daily activities, to reject

18    symptom testimony. *Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022). Plaintiff's conclusory

19    challenge does not establish the ALJ erred in evaluating her activities of daily living, instead, it

20    simply asks the Court to adopt an interpretation more favorable to her claim. Even assuming the

21    evidence is susceptible to more than one rational interpretation, the Court cannot say that the

22    ALJ's interpretation was unreasonable. *See Burch*, 400 F.3d at 679 (9th Cir. 2005) (affirming

23    ALJ where evidence of daily activities was susceptible to more than one rational interpretation).

1    In sum, the ALJ discounted the severe limitations Plaintiff alleged because they were

2   inconsistent with her daily activities and generally benign mental and physical exam findings.

3   The ALJ's discussion of the evidence is reasonable and supported by substantial evidence. The

4   Court thus affirms the ALJ's evaluation of Plaintiff's testimony.

5       **B.      The ALJ Did Not Err in Evaluating the Opinion of Nickolas Jones, Ph.D.**

6       Under regulations applicable to this case, the ALJ is required to articulate the

7   persuasiveness of each medical opinion, specifically with respect to whether the opinions are

8   supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c). An ALJ's consistency

9   and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32

10  F.4th 785, 792 (9th Cir. 2022).

11      Consultative examiner Dr. Jones assessed that Plaintiff was limited in her ability to

12  interact with customers and co-workers. AR at 528-30. He noted she was likely to struggle in

13  work environments due to psychological disruptions and pain; and was likely to experience high

14  levels of absenteeism. *Id.* The ALJ discounted these parts of Dr. Jones' opinion as unsupported

15  and inconsistent with the record. *Id.* at 1013-14. Plaintiff argues that the ALJ erroneously

16  rejected Dr. Jones' opinion by comparing it to a "pre-determined" RFC. (Dkt. # 8 at 9-10.) To

17  this point, she highlights the ALJ's explanation that Dr. Jones' opinion was persuasive "to the

18  extent that it is consistent with the… limitations included in the above residual functional

19  capacity findings." (*Id.*) While it would be preferable for the ALJ to be as explicit as possible in

20  articulating reasons for discounting evidence, the use of "generic language is not itself reversible

21  error." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.6 (9th Cir. 2017). It becomes an issue only when

22  the ALJ fails to provide valid reasons supporting his conclusion. *Revels v. Berryhill*, 874 F.3d

23  648, 666 (9th Cir. 2017).

ORDER - 7

1    In this case, the ALJ considered Dr. Jones' opinion and found it unsupported by clinical

2  findings and inconsistent with Plaintiff's unremarkable mental status findings during the relevant

3  period. AR at 1013-14. Although the ALJ's reasoning could have been clearer, any error the ALJ

4  may have made is harmless because "the agency's path may reasonably be discerned." *Treichler*

5  *v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation and internal

6  quotation marks omitted). The ALJ found Dr. Jones' unremarkable observations insufficient to

7  support the severe limitations he opined, noted the opinion failed to describe functional

8  limitations or frequency, highlighted that the record did not corroborate Plaintiff's allegations of

9  significant limitations with interacting with people (AR at 1007), and relied on medical opinions

10  which opined that Plaintiff could have contact with the public. *Id.* at 1012-13 (citing *id.* at 134,

11  149). The Court may rely upon information cited by medical sources whose findings "the ALJ

12  clearly credited." *Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1005 n.3 (9th Cir.

13  2006). Substantial evidence supports the ALJ's decision.

14    The ALJ also determined that Dr. Jones' opinion regarding Plaintiff's absenteeism and

15  ability to maintain employment were unsupported and inconsistent with the record. AR at 1014.

16  The ALJ pointed out that Dr. Jones' exam notes indicate Plaintiff was fully oriented and

17  cooperative, her speech was quick but easy to understand, her thoughts were fluid and easy to

18  track, her behavior was normal, she followed instructions, her memory was normal, and she had

19  good abstract and practical reasoning. *Id.* at 529-30. The ALJ found these findings inconsistent

20  with Dr. Jones' opinion but consistent with the longitudinal record, citing Plaintiff's generally

21  unremarkable mental status findings. *Id.* at 489, 509, 543, 547, 556, 562, 571, 576, 589, 605,

22  612, 621, 624, 631, 633, 636, 716, 1442, 1565, 1572-73. Notably, Plaintiff does not challenge the

23  ALJ's reasoning in this regard. Instead, Plaintiff contends the ALJ's decision is erroneous

because Dr. Jones' opinion relied on Plaintiff's pain, which she asserts the ALJ failed to consider. (Dkt. # 8 at 11-12.) This argument is unavailing because the ALJ properly evaluated this evidence, as the Court found earlier. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Because Plaintiff has failed to show that all the ALJ's reasons for discounting Dr. Jones' opinion are erroneous, she has failed to meet her burden to show harmful error in the ALJ's conclusion. *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on the party attacking agency's determination). The ALJ's findings were reasonable and supported by substantial evidence. *Thomas*, 278 F.3d at 954. Accordingly, the Court affirms the ALJ's assessment of Dr. Jones' opinion.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 10th day of June, 2024.

_____
MICHELLE L. PETERSON
United States Magistrate Judge